Members of the Board of Regents University of Colorado Boulder, Colorado 80302
Dear Regents:
The University of Colorado Student Union has proposed a contract between UCSU and an attorney, Patricia Ann Madsen, under which Ms. Madsen would serve as Director/Staff Attorney of the UCSU Legal Services Program.
QUESTIONS PRESENTED AND CONCLUSIONS
1. May student fees be used to hire an attorney to represent individual students?
 My conclusion is yes, with the proper approval of the Regents.
2. Must the student association be represented by the attorney general?
 The official student association is an integral part of the university and must be represented by the attorney general.
ANALYSIS
This office has reviewed the proposed contract, and advises the Regents as follows:
The proposed contract as presently written contemplates that the attorney would perform two kinds of functions: (1) advise and represent individual students in their personal affairs, and (2) advise and represent the UCSU as an entity.
With regard to function (1), there is no statutory or constitutional barrier to a plan whereby UCSU would employ or retain an attorney to be available to advise and represent individual students in their personal affairs. See UnitedTransportation Union v. State Bar of Michigan, 401 U.S. 576
(1971); U.M.W. v. Illinois State Bar Association,389 U.S. 217 (1967); Brotherhood of Trainmen v. Virginia,377 U.S. 1 (1964); N.A.A.C.P. v. Button,371 U.S. 415 (1963). There are, however, certain requirements that must be met with respect to the retainer or employment of such an attorney if the attorney is to be paid out of moneys derived from mandatory student fees.
The revenue derived from mandatory student fees imposed upon students by the Regents is State money as much as the revenue from tuition or other sources collected by the University. Accordingly, under Colorado Constitution, Article IX, Section5(2), the Regents have the "exclusive control and direction of" such funds, "unless otherwise provided by law." Certain applicable statutes are discussed below, but before these statutes become relevant it must be clear that the Regents, directly or by a sufficient delegation of authority, have approved the use of mandatory student fee monies to retain or employ an attorney to provide services to students. Otherwise, the expenditure would be unlawful, and contrary to a criminal statute, C.R.S. 1973, 24-30-202(14).
If Regential approval of such an expenditure of student fees is forthcoming, the contract involved must be submitted for approval by the State Controller, or such assistant as he may designate. Moreover, pursuant to fiscal rules promulgated by the Controller in accordance with statute, such a contract contemplating legal services would have to be approved by the Attorney General. Furthermore, there are certain standard clauses which, according to the fiscal rules, would have to be included in any such contract before it could be approved. The contract proposed by UCSU lacks those clauses. If the Regents were to approve a contract for the employment of an attorney, paid out of student fees, to provide legal services to students in their private affairs, and if the contract were to include the clauses required by the fiscal rules, this office would advise the Controller that such contract could lawfully be approved.
However, function (2) under the currently proposed contract raises a different problem. A contract contemplating that the attorney so retained or employed could advise and represent the UCSU as an entity would be contrary to law. The UCSU is not a private or independent association; it is an integral part of the University of Colorado, created under the authority of the Regents, and having no legal existence independent of the University. It is a subpart of the University, and as such is an agent or agency of the State of Colorado. Cf.Arrington v. Taylor, 380 F. Supp. 1348 (M.D.N.C. 1974). The Solicitors Act, C.R.S. 1973, 24-31-203(2), prohibits UCSU from appointing or employing any person outside the Department of Law to perform legal services for UCSU as an entity. The Attorney General, through his staff in the Department of Law, including University Counsel carrying Assistant Attorney General designation, is statutorily the exclusive legal counsel to the UCSU.
Because it contemplates that the Director/Staff Attorney of the UCSU Legal Services Program would provide legal advice and representation to the UCSU as an entity, the proposed contract cannot be approved as presently written.
Ms. Madsen has been providing services and acting as Director/Staff Attorney of the UCSU Legal Services Program since February 14, 1977, without a contract. In fairness to her, therefore, a prompt resolution of this matter is required. It is therefore suggested that the Regents at their March 17, 1977 meeting determine whether or not they authorize the expenditure of student fee monies to employ or retain an attorney to represent individual students in their private legal affairs. If the decision is to approve such expenditure, it is further suggested that the Regents delegate to the Secretary of the Board of Regents, or to some other appropriate official, the responsibility for working out the terms of an appropriate contract and approving that contract on behalf of the Regents.
SUMMARY
(1) With proper approval of the Regents, student fees may be used to employ an attorney to represent individual students. (2) The official student association is an integral part of the university and, therefore, must be represented by the Attorney General.
Very truly yours,
 J.D. MacFARLANE Attorney General
EDUCATION, HIGHER
C.R.S. 1973, 24-30-202
C.R.S. 1973, 24-31-203
Colo. Const. art. IX, § 5
HIGHER EDUCATION, DEPT. OF University of Colorado
(1) With proper approval of the Regents, student fees may be used to employ an attorney to represent individual students. (2) The official student association is an integral part of the university and, therefore, must be represented by the Attorney General.